**Electronically Filed**
**Supreme Court**
**SCAD-16-0000523**
**29-SEP-2016**
**10:08 AM**

SCAD-16-0000523

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

WILLIAM T. MARTINEZ,
Respondent.

---

ORIGINAL PROCEEDING
(ODC Case No. 15-034-9253)

ORDER OF SUSPENSION
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon *de novo* review of the Report and Recommendation of the Disciplinary Board of the Supreme Court of the State of Hawai‘i, the stipulated facts, and the evidence in the record, we conclude by clear and convincing evidence that Respondent William T. Martinez engaged in misconduct warranting discipline.

Respondent Martinez, by failing to timely file a request for an extension for his client's non-immigrant visa prior to the September 9, 2012 expiration date, violated Rule 1.3 of the Hawai‘i Rules of Professional Conduct (HRPC) (1994) and, by filing an erroneous petition on September 17, 2012, violated

HRPC Rules 1.1, 1.2(a), and 1.3.

By failing to correctly inform his client that the subsequent September 26, 2012 Notice from the United States Citizenship and Immigration Services required the client to exit the U.S. and to re-apply at the U.S. Consulate in Venezuela in order to avoid accruing unlawful presence in the U.S., Respondent Martinez violated HRPC Rules 1.1, 1.3, 1.4(a) and 1.4(b), and, by instead informing his client the client's visa had been successfully extended, negligently misrepresented the facts, in violation of HRPC Rule 8.4(c).

We conclude Respondent Martinez's conduct harmed the legal system and his client, including the possibility of a bar on re-entry into the U.S., and who suffered actual monetary injury and other harm, by accruing unlawful presence in the U.S.

We find, in aggravation, Respondent Martinez has a single prior discipline - a private informal admonition in 2004 - and substantial experience in the practice of law. We find his client was vulnerable, as an immigrant for whom English was a second language, who had relied upon Respondent Martinez's legal services to lawfully remain in the United States so the client could work and support his family.

In mitigation, we find Respondent Martinez made a full and free disclosure to the disciplinary authorities and was cooperative during the proceedings. We find he experienced during the relevant period personal problems related to his family's health. We note his good character and reputation in the community, his *pro bono* work for the artistic community, and the remorse he demonstrated by taking steps to remedy his errors prior to the filing of a complaint against him. We note the prior discipline is remote in time.

Therefore, it appearing that a period of suspension is appropriate,

IT IS HEREBY ORDERED that Respondent Martinez is suspended from the practice of law in this jurisdiction for 45 days, effective 30 days after the date of entry of this order, as provided by Rules 2.3(a)(2) and 2.16(c) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH).

IT IS FURTHER ORDERED that Respondent Martinez shall pay restitution to his client named in this matter the sum of $2,471.00 and shall submit proof of payment to this court, within one year of the entry date of this order.

IT IS FURTHER ORDERED that, in addition to any other requirements for reinstatement imposed by the Rules of the Supreme Court of the State of Hawaiʻi, Respondent Martinez shall pay all costs of these proceedings as approved upon the timely

3

submission of a bill of costs by the Office of Disciplinary Counsel, as prescribed by RSCH Rule 2.3(c).

IT IS FINALLY ORDERED that Respondent Martinez shall, within ten days after the effective date of his suspension, file with this court an affidavit he has fully complied with the duties of a suspended attorney set forth in RSCH Rule 2.16(d).

DATED: Honolulu, Hawaiʻi, September 29, 2016.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



4